**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Dennis Crabtree | : | |
| 4341 Jisco West Rd. | : | |
| Jackson, Ohio 45640 | : | |
| | : | Case No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| City of Waverly, Ohio | : | |
| (aka Village of Waverly, Ohio) | : | **COMPLAINT WITH JURY** |
| 201 W. North St. | : | **DEMAND ENDORSED HEREIN** |
| Waverly, Ohio 45690 | : | |
| | : | |
| And | : | |
| | : | |
| Greg Kempton, personally and | : | |
| in his official capacity as Mayor | : | |
| of the City of Waverly | : | |
| 201 W. North St. | : | |
| Waverly, Ohio 45690 | : | |
| | : | |
| Defendants. | : | |

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act 42 U.S.C.A. §12101 et. seq., Ohio Revised Code §§4112.01, 4112.02 and 4112.99 (Ohio Fair Employment Practices Act).

2. This court has subject-matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. The discriminatory acts alleged below were committed in Pike County within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division.

**PARTIES**

4. Plaintiff, Dennis Crabtree, has been employed by the City of Waverly Police Department since July 16, 2006 and is a citizen of Jackson County.

5. Defendant City of Waverly in Pike County Ohio is a body politic and corporate established pursuant to the laws of the State of Ohio and is a public employer.

6. Defendant City of Waverly alternatively represents itself as a city and as a village.

7. Whether a city or a village, Defendant Waverly is a body politic and corporate capable of being sued.

8. Defendant Greg Kempton has been the Mayor of the City of Waverly during all relevant times herein.

9. Kempton is an "employer" as that term is defined by ORC §4112.01.

**BACKGROUND FACTS**

10. Plaintiff, Dennis Crabtree, was originally employed by the City of Waverly Police Department in July 16, 2006 as a patrol officer.

11. Plaintiff passed a competitive examination administered by Defendant Waverly's Civil Service Commission (then in existence) in order to be hired for the position.

12. In 2011 Plaintiff was promoted to the rank of sergeant after taking and passing the sergeant's test.

13. In 2013 Plaintiff was promoted to the rank of Lieutenant.

14. Plaintiff was subsequently promoted to the rank of Captain.

15. On or about August 26, 2018 Plaintiff was appointed to the position of Interim Chief of Police because the former Chief of Police was placed on administrative leave and later demoted.

16. During all relevant times herein, including when he was promoted to Captain, served as interim Chief, and thereafter, Plaintiff has been a qualified individual with a disability.

17. Defendant Kempton and other City Officials were aware of Plaintiff's disability.

18. On or about January 8, 2019 the Mayor announced that he would be selecting an ad hoc committee to select a new chief of police. The following individuals were subsequently selected for the committee: Robert Dixon (a family member of Defendant Zachary Dixon) Mike Corwin (a family friend of Defendant Zachary Dixon) and Missy Marquez.

19. The Mayor's committee thereafter created a questionnaire to be used in the selection process.

20. On January 15, 2019 Defendant City of Waverly, through its Mayor, posted the Police Chief's job requesting that applicants pick up a questionnaire and return it no later than January 22, 2019.

21. Applicants had up to seven (7) days to complete and return the questionnaires.

22. Plaintiff completed and returned his questionnaire.

23. Three other candidates, including Patrolman Zachary Dixon, also submitted completed questionnaires.

24. Upon information and belief Dixon is not disabled.

25. On February 19, 2019 Mayor Kempton met with Plaintiff and advised him that he and his ad hoc committee had decided to base the hiring decision solely upon the answers to the questionnaires. Furthermore, only one candidate, Zachary Dixon, had been interviewed and Dixon was chosen for the position.

26. Plaintiff immediately advised the Mayor that the process used to fill the Chief's position was in direct contradiction to Ohio law and the City Charter.

27. Nevertheless, on March 5, 2019 Dixon was sworn in as Chief of Police.

28. On March 12, 2019 through April 9, 2019 Plaintiff took a medical leave of absence to receive treatment for his disabilities.

29. On March 15, 2019 Plaintiff filed a separate action against Defendant City of Waverly seeking a Writ of Mandamus and a Writ Quo Warranto.

30. Upon his return to work, Plaintiff discovered that most of his Captain's duties had been taken away from him.

31. Plaintiff asked Chief Dixon what duties Dixon expected Plaintiff to perform.

32. On May 10, 2019 Dixon stated that he had taken away most of Plaintiff's duties because of his health issues.

33. Dixon explained that he believed he was doing Plaintiff a favor because of his health issues.

34. Dixon has purposefully excluded Plaintiff from meetings and left him out of the loop regarding important information relevant to his job as Captain.

35. Dixon revoked Plaintiff's authority to approve new OHLEG applications even though it is his job (as Captain) to go into the system and approve them so that they can then be approved by the state.

36. In September 2019 Dixon referred Plaintiff to an independent medical examination to determine his fitness for duty.

37. Dixon has begun to restructure the police force and intends to hire an "Assistant Chief," to outrank Plaintiff and presumably to take over some of his duties.

38. Plaintiff filed an EEOC Charge alleging disability discrimination. A Notice of Rights letter was issued and dated November 22, 2019.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

39. Plaintiff restates and incorporates the allegations in the foregoing paragraphs as if fully re-written herein.

40. Plaintiff is "disabled" as that term is defined by the ADA. Plaintiff has actual physical disabilities including a long-standing back condition and the ongoing repercussions of his cancer treatment (including a bowel resection).

41. He has a record of disability (cancer) and Defendants regard him as disabled.

42. Defendants are/were aware of Plaintiff's disability.

43. Upon information and belief, Defendants bypassed the lawful method for choosing a new Chief of Police and hired Zachary Dixon to be the new Chief of Police because of Plaintiff's disabilities and his need for ongoing treatment.

44. Upon information and belief, Dixon is not disabled.

45. Plaintiff's duties as Captain have been taken away and/or reduced because of his disability.

46. Plaintiff has been damaged by Defendants' unlawful disability discrimination.

47. Plaintiff has suffered garden variety emotional distress because of Defendants' unlawful disability discrimination.

48. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights. Therefore, Defendant is liable for punitive damages.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF ORC §4112 et seq.

49. Plaintiff restates and incorporates the allegations in the foregoing paragraphs as if fully rewritten herein.

50. Plaintiff is "disabled" as that term is defined Ohio law. Plaintiff has actual physical disabilities including a long-standing back condition and the ongoing repercussions of his cancer treatment (including a bowel resection).

51. He has a record of disability (cancer) and Defendants regard him as disabled.

52. Defendants are/were aware of Plaintiff's disability.

53. Defendant City of Waverly is an employer as that term is defined by Ohio law.

54. Defendant Kempton is also an employer as that term is defined by Ohio law.

55. Upon information and belief, Defendants bypassed the lawful method for choosing a new Chief of Police and hired Zachary Dixon to be the new Chief of Police because of Plaintiff's disabilities and his need for ongoing treatment.

56. Upon information and belief, Dixon is not disabled.

57. Plaintiff's duties as Captain have been taken away and/or reduced because of his disability.

58. Plaintiff has been damaged by Defendants' unlawful disability discrimination.

59. Plaintiff has suffered garden variety emotional distress because of Defendants' unlawful disability discrimination.

60. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights. Therefore, Defendant is liable for punitive damages.

   **WHEREFORE**, Plaintiff respectfully prays that this Court grant him:

   a. lost past and future wages and benefits in excess of $75,000;

   b. compensatory damages;

    c. an amount in excess of $75,000.00 in compensatory damages for garden variety emotional distress as provided under Ohio Revised Code Chapter 4112;

    d. an amount in excess of $75,000.00 for punitive damages;

    e. attorney fees and costs;

    f. prejudgment and post judgment interest;

    g. such other equitable and further relief as may be just and appropriate.

Respectfully submitted,

/s/*Sharon Cason-Adams*
Sharon Cason-Adams (0067550)
scasonadams@ageeclymer.com
Agee Clymer Mitchell & Portman
140 E. Town St. Suite 1100
Columbus, Ohio 43215
Telephone: 614-221-3318
Facsimile: 614-224-7308

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

/s/*Sharon Cason-Adams*
Sharon Cason-Adams (0067550)